No. 28,543.

ELLEN HORAN, *Appellee*, v. JESS McCARTY et al., *Appellants*.

(275 Pac. 149.)

Opinion filed March 9, 1929.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellants.

*Charles E. Thompson, Frank H. Thompson, D. J. Smith* and *J. O. Emerson,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to set aside a will on the ground of the lack of testamentary capacity of the testatrix and because of undue influence. The action was tried to the court with the aid of a jury. At the close of the evidence the court took from the jury the question of undue influence and submitted only the question of the lack of testamentary capacity. On that issue the jury found for plaintiff. The trial court approved that finding and set aside the will. The defendants have appealed.

The only question argued in this court is the sufficiency of the evidence to sustain the verdict and judgment. It is argued that the facts are quite similar to those set out in *Barnhill v. Miller,* 114 Kan. 73, 217 Pac. 274, and under the rules there stated the evidence is insufficient. It is further argued that at most the evidence on behalf of plaintiff tended to show that the testatrix was suffering with senile dementia, and under the authority of *Wisner v. Chandler,* 95 Kan. 36, 147 Pac. 849, the evidence was insufficient. These points presented by appellant are not well taken. In fact, there was nothing said in the court below about senile dementia, although some of the evidence tended to support the view that the condition of the testatrix might be so denominated. We do not regard it as necessary to set out the evidence in detail. We deem it sufficient to say that there is evidence that for some months prior to the making of the will, and up

to the time it was made and afterwards, the mental condition of the testatrix was such that she was unable to recognize some of her near relatives and friends whom she had known for years, to remember where they lived or what their business was, or to know her own property or what she had done or was being done with it. Many witnesses testified to specific facts or circumstances tending to show lack of mental capacity of the testatrix in these two respects. It is true there was some conflicting evidence on these points. In so far as the evidence conflicted it was the province of the trial court, with the aid of the jury, to weigh that evidence. There is an abundance of evidence of the character above mentioned to support the verdict and judgment of the court below, and that is as far as we can inquire into the matter.

The judgment of the court below is affirmed.